IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Criminal No. 4:13-cr-00050 |
| v. | ) |
| | ) |
| CHRISTOPHER MATTHEW LINCOLN, | ) PLEA AGREEMENT |
| | ) |
| Defendant. | ) |

The United States of America (also referred to as "the Government") and the Defendant, Christopher Matthew Lincoln (also referred to as "the Defendant"), and the Defendant's attorney, Timothy Ross-Boon, enter into this Plea Agreement.

**A.   CHARGES**

1.   <u>Subject Offense</u>.  The Defendant will plead guilty to Count 2 of the Indictment, that is, attempted transfer of obscene material to a minor, in violation of Title 18, United States Code, Section 1470.

2.   <u>Charges Being Dismissed</u>.  If the Court accepts this Plea Agreement, Count 1 of the Indictment will be dismissed at the time of sentencing.

3.   <u>No Further Prosecution</u>.  The Government agrees that the Defendant will not be charged in the Southern District of Iowa with any other federal criminal offense arising from or directly relating to this investigation.  This paragraph and this Plea Agreement do not apply to (1) any criminal act occurring after the date of this agreement, or (2) any crime of violence.

**B.   MAXIMUM PENALTIES**

4.   <u>Maximum Punishment</u>.  The Defendant understands that the crime to which the Defendant is pleading guilty carries a maximum sentence of up to 10 years in prison; a maximum

1

fine of $250,000; and a term of supervised release of not more than 3 years.  A mandatory special assessment of $100 per count also must be imposed by the sentencing court.

5. <u>Supervised Release--Explained</u>.  The Defendant understands that, during any period of supervised release or probation, the Defendant will be under supervision and will be required to comply with certain conditions.  If the Defendant were to violate a condition of supervised release, the Defendant could be sentenced up to 2 years in prison, without any credit for time previously served.

6. <u>Detention.</u>  Provided that the Defendant does not violate any conditions of the Defendant's pretrial release, and does not appear to be mentally at risk to harm himself/herself or any other person, the Government agrees to recommend that the Defendant may remain on pretrial release pending imposition of sentence and will recommend that the Defendant be permitted to self-report to serve any term of imprisonment imposed by the Court.

## C.   NATURE OF THE OFFENSE -- FACTUAL BASIS

7. <u>Elements Understood</u>.  The Defendant understands that to prove the offense alleged under **Count 2 (attempted transfer of obscene material to a minor)**, the Government would be required to prove beyond a reasonable doubt the following elements:

   (a) The Defendant knowingly transferred an image of his penis;

   (b) The Defendant attempted to transfer the image of his penis to an individual less than sixteen years old;

   (c) The Defendant thought the other individual was less than sixteen years old;

   (d) The Defendant knew at the time of the transfer the content, character and nature of the material;

   (e) The image of the Defendant's penis was obscene;

2

(f) An average person, applying contemporary adult community standards would find the image obscene, that is, when taken as a whole, appealing to the prurient interest, because it is directed to an unhealthy or abnormally lustful in sex or nudity;

(g) The average person, applying contemporary adult community standards, would find that the material depicts or describes sexual conduct in a patently offensive way;

(h) A reasonable person would find that the material, taken as a whole, lacks serious literary, artistic, political, or scientific value, and

(i) The Defendant knowingly used a means or facility of interstate commerce to transfer the image of his penis.

8. Elements Admitted. As a factual basis for his plea of guilty, the Defendant admits the following:

(a) The Defendant knowingly electronically transferred an image of his penis on February 7, 2013, using his cell phone;

(b) The Defendant attempted to transfer the image of his penis to a female who was less than sixteen years old;

(c) The Defendant thought the person to whom he transferred an image of his penis was a female who was less than sixteen years old;

(d) The Defendant knew at the time of the transfer the content, character and nature of the material, namely that the file he sent using his cell phone was an image of his own penis;

(e) The image of the Defendant's penis, when taken as a whole, was obscene under the circumstances;

(f) An average person, applying contemporary adult community standards, would find the image obscene, that is, when taken as a whole, appealing to the prurient interest, because it was directed to an unhealthy or abnormally lustful interest in sex or nudity;

(g) The average person, applying contemporary adult community standards, would find that the material depicted or described sexual conduct in a patently offensive way;

(h) A reasonable person would find that the material, taken as a whole, lacked serious literary, artistic, political, or scientific value; and

3

    (i) The Defendant knowingly used a means or facility of interstate commerce to transfer the image of his penis, namely his cell phone and the internet.

9.    <u>Truthfulness of Factual Basis</u>. The Defendant acknowledges that the above statements are true. The Defendant further agrees that these factual statements may be used by any party, including the United States, in any other proceeding. The Defendant understands that, during the change of plea hearing, the judge and the prosecutor may ask the Defendant questions under oath about the offense to which the Defendant is pleading guilty, in the presence of the Defendant's attorney. The Defendant understands that the Defendant must answer these questions truthfully, and that the Defendant can be prosecuted for perjury if Defendant gives any false answers.

10.    <u>Venue</u>. The Defendant agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

**D. SENTENCING**

11.    <u>Sentencing Guidelines</u>. The Defendant understands that the Defendant's sentence will be determined by the Court after considering the advisory United States Sentencing Guidelines, together with other factors set forth by law. The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

    (a)    the nature of the offenses to which Defendant is pleading guilty;

    (b)    the nature and extent of Defendant's criminal history (prior convictions);

    (c)    the purpose for which the Defendant transmitted the image;

    (d)    the age the Defendant thought the person was to whom he transmitted the image; and

    (e)    acceptance or lack of acceptance of responsibility.

The Defendant understands that, under some circumstances, the Court may "depart" or "vary" from the Sentencing Guidelines and impose a sentence more severe or less severe than provided by the Guidelines, up to the maximum in the statute of conviction. The Defendant has discussed the Sentencing Guidelines with the Defendant's attorney.

12. <u>Acceptance of Responsibility</u>. The Government agrees to recommend that the Defendant receive credit for acceptance of responsibility under USSG § 3E1.1. The Government reserves the right to oppose a reduction under § 3E1.1 if, after the plea proceeding, the Government determines the Defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to withdraw Defendant's plea, or otherwise engages in conduct not consistent with acceptance of responsibility. If the base offense level is 16 or above, as determined by the Court, the government agrees that the Defendant should receive a 3-level reduction, based on timely notification to the government of Defendant's intent to plead guilty, if the Government determines the Defendant is otherwise eligible for acceptance of responsibility credit.

13. <u>Presentence Report</u>. Defendant understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence Report has been prepared by the United States Probation Office, and after Defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report. The parties are free to provide all relevant information to the Probation Office for use in preparing a Presentence Report.

14. <u>Evidence at Sentencing</u>. The parties may make whatever comment and evidentiary offer they deem appropriate at the time of sentencing and entry of plea, provided that such offer or comment does not violate any other provision of this Plea Agreement. Nothing in

this Plea Agreement restricts the right of Defendant or any victim to make an allocution statement, to the extent permitted under the Federal Rules of Criminal Procedure, nor does this Plea Agreement convey any rights to appear at proceedings or make statements that do not otherwise exist.

15. Sentence to be Decided by Judge -- No Promises. This Plea Agreement is entered pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure. Defendant understands that the final sentence, including the application of the Sentencing Guidelines and any upward or downward departures, is within the sole discretion of the sentencing judge, and that the sentencing judge is not required to accept any factual or legal stipulations agreed to by the parties. Any estimate of the possible sentence to be imposed, by a defense attorney or the Government, is only a prediction, and not a promise, and is not binding. Therefore, it is uncertain at this time what each Defendant's actual sentence will be.

16. No Right to Withdraw Plea. Defendant understands that Defendant will have no right to withdraw Defendant's plea if the sentence imposed, or the application of the Sentencing Guidelines, is other than what Defendant anticipated, or if the sentencing judge declines to follow the parties' recommendations.

E. FINES, COSTS, AND RESTITUTION

17. Fines and Costs. Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

18. Special Assessment. Defendant agrees to pay the mandatory special assessment of $100 ($100 per count) at or before the time of sentencing, as required by 18 U.S.C. § 3013.

F. LIMITED SCOPE OF AGREEMENT

19. Limited Scope of Agreement. This Plea Agreement does not limit, in any way, the

right or ability of the Government to investigate or prosecute Defendant for crimes occurring outside the scope of this Plea Agreement. Additionally, this Plea Agreement does not preclude the Government from pursuing any civil or administrative matters against Defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

20. <u>Agreement Limited to Southern District of Iowa</u>. This Plea Agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

21. <u>Sex Offender Registry</u>. Defendant understands that by pleading guilty, Defendant may be required to register as a sex offender upon Defendant's release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, Defendant may be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout Defendant's life. Defendant understands that, if required to register, Defendant shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to Defendant's name, place of residence, employment, or student status, or relevant information. Defendant shall comply with requirements to periodically verify in person his sex offender registration information. Defendant understands that Defendant may be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. Defendant further understands that, under 18 U.S.C. § 4042(c), notice may be provided to certain law enforcement agencies upon Defendant's release from confinement following conviction. As a condition of supervised release, Defendant may be required to initially register with the state sex offender registration in the state of Iowa, and may also have to register with the state sex offender

registration agency in any state where Defendant resides, is employed, works, or is a student, as directed by the Probation Officer. Defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update Defendant's registration information, applicable to him. If required to register, Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

### G. WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS

22. <u>Trial Rights Explained</u>. Defendant understands that this guilty plea waives the right to:

    (a) continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

    (b) a speedy and public trial by jury, which must unanimously find Defendant guilty before there can be a conviction;

    (c) the assistance of an attorney at all stages of trial and related proceedings, to be paid at government expense if Defendant cannot afford to hire an attorney;

    (d) confront and cross-examine adverse witnesses;

    (e) present evidence and to have witnesses testify on behalf of Defendant, including having the court issue subpoenas to compel witnesses to testify on Defendant's behalf;

    (f) not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if Defendant so chooses); and

    (g) if Defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at government expense if Defendant cannot afford to hire an attorney.

23. <u>Waiver of Appeal and Post-Conviction Review</u>. Defendant knowingly and expressly waives any and all rights to appeal Defendant's conviction in this case, including a waiver of all motions, defenses and objections which Defendant could assert to the charge(s) or to

the court's entry of judgment against Defendant; except that both Defendant and the United States preserve the right to appeal any sentence imposed by the district court, to the extent that an appeal is authorized by law. Also, Defendant knowingly and expressly waives any and all rights to contest Defendant's conviction in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255. These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel or prosecutorial misconduct not known to Defendant, or reasonably knowable, at the time of entering this Plea Agreement.

### H. VOLUNTARINESS OF PLEA AND OPPORTUNITY TO CONSULT WITH COUNSEL

24. <u>Voluntariness of Plea</u>. Defendant represents that Defendant's decision to plead guilty is Defendant's own, voluntary decision, and that the following is true:

    (a) Defendant has had a full opportunity to discuss all the facts and circumstances of this case with Defendant's attorney, and Defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

    (b) No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

    (c) No one has threatened Defendant or Defendant's family to induce this guilty plea.

    (d) Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

25. <u>Consultation with Attorney</u>. Defendant has discussed this case and this plea with Defendant's attorney and states that the following is true:

    (a) Defendant states that Defendant is satisfied with the representation provided by Defendant's attorney;

    (b) Defendant has no complaint about the time or attention Defendant's

attorney has devoted to this case nor the advice the attorney has given;

(c) Although Defendant's attorney has given Defendant advice on this guilty plea, the decision to plead guilty is Defendant's own decision. Defendant's decision to enter this plea was made after full and careful thought, with the advice of Defendant's attorney, and with a full understanding of Defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

## I. GENERAL PROVISIONS

26. <u>Entire Agreement</u>. This Plea Agreement, and any attachments, is the entire agreement between the parties. Any modifications to this Plea Agreement must be <u>in writing</u> and signed by all parties.

27. <u>Public Interest</u>. The parties state this Plea Agreement is in the public interest, takes into account the benefit to the public of a prompt and certain disposition of the case, furnishes adequate protection to the public interest, is in keeping with the gravity of the offense, and promotes respect for the law.

28. <u>Execution/Effective Date</u>. This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

## J. SIGNATURES

29. <u>Defendant</u>. I have read all of this Plea Agreement and have discussed it with my attorney. I fully understand the Plea Agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No promises have been made to me other than the promises in this Plea Agreement. I have not been threatened in any way to get me to enter into this Plea Agreement. I am satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case. I am entering into this Plea Agreement

and will enter my plea of guilty under this Agreement because I committed the crime to which I am pleading guilty. I know that I may ask my attorney and the judge any questions about this Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

11/18/13
Date

Christopher Matthew Lincoln

30. <u>Defendant's Attorney</u>. I have read this Plea Agreement and have discussed it in its entirety with my client. There is no Plea Agreement other than the agreement set forth in this writing. My client fully understands this Plea Agreement. I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of Defendant's own free will, with full knowledge of Defendant's legal rights, and without any coercion or compulsion. I have had full access to the Government's discovery materials, and I believe there is a factual basis for the plea. I concur with my client entering into this Plea Agreement and in entering a plea of guilty pursuant to the Plea Agreement.

11-18-13
Date

Timothy S. Ross-Boon
Assistant Federal Defender
Federal Public Defender's Office
400 Locust St., Ste. 340
Des Moines, IA 50309-2353
Telephone: 515-309-9610
Telefax: 515-309-9625
E-mail: timothy_rossboon@fd.org

31. <u>United States</u>.  The Government agrees to the terms of this Plea Agreement.

                                                Nicholas A. Klinefeldt
                                                United States Attorney

December 17, 2013    By:   _/s/ Craig Peyton Gaumer_
Date
                                                  Craig Peyton Gaumer
                                                Assistant U.S. Attorney
                                                U.S. Courthouse Annex, Suite 286
                                                110 East Court Avenue
                                                Des Moines, Iowa  50309
                                                Telephone:  515-473-9300
                                                Telefax:  515-473-9292
                                                E-mail:  Craig.Gaumer@usdoj.gov